The CITY OF HOUSTON, Appellant,

v.

Blanca VALLEJO and Anjel Flores, Appellees.

No. 01-11-00133-CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 22, 2012.

---

1. Since its issuance, this Court has consistently followed *Esparza*. *See, e.g., City of Houston v. Gwinn*, No. 01-11-00524-CV, 2012 WL 1068591, at *1–2 (Tex.App.-Houston [1st Dist.] Mar. 29, 2012, no. pet. h.) (mem. op.) (following *Esparza*); *Metro. Transit Auth. v. Light*, No. 01-11-00747-CV, 2012 WL 252187, at *1–2 (Tex.App.-Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.) (same); *City of Houston v. Tsaig*, No. 01-11-00432-CV, 2012 WL 170606, at *2–3 (Tex.App.-Houston [1st Dist.] Jan. 19, 2012, no pet.) (mem. op.) (same); *Tex. Dep't of Aging & Disability Servs. v. Johnson*, No. 01-11-00526-CV, 2012 WL 27728, at *2 (Tex.App.-Houston [1st Dist.] Jan. 5, 2012, no pet.) (mem. op.) (same); *City of Houston v. Mar-

quez*, No. 01-11-00493-CV, 2011 WL 6147772, at *2–3 (Tex.App.-Houston [1st Dist.] Dec. 8, 2011, no pet.) (mem. op.) (same); *City of Houston v. McClain*, No. 01-11-00194-CV, 2011 WL 6015697, at *2–3 (Tex.App.-Houston [1st Dist.] Dec. 1, 2011, pet. filed) (mem. op.) (same); *City of Houston v. San Miguel*, No. 01-10-01071-CV, 2011 WL 5429048, at *2–3 (Tex.App.-Houston [1st Dist.] Nov. 10, 2011, no. pet. h.) (mem. op.) (same). Several other courts of appeals have also followed *Esparza*. *See, e.g., Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, 369 S.W.3d 523, 531 (Tex.App.-Amarillo Mar. 22, 2012, no. pet. h.); *Tex. Dep't of Pub. Safety v. Deakyne*, 371 S.W.3d 303, 307–11 (Tex.App.-San Antonio 2012, no pet. h.).

Judith L. Ramsey, The City of Houston Legal Department, Houston, TX, for Appellant.

Paul A. Higdon, Stern Miller & Higdon, Bellaire, TX, for Appellees.

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp. 2011).

Panel consists of Justices JENNINGS, SHARP, and BROWN.

## OPINION

TERRY JENNINGS, Justice.

In this interlocutory appeal,[1] appellant, the City of Houston (the "City"), challenges the trial court's order denying its plea to the jurisdiction on the tort claims made against it by appellees, Blanca Vallejo and Anjel Flores (collectively, "Vallejo"). In its sole issue, the City contends that the trial court erred in denying its plea to the jurisdiction in which the City asserted that, by filing suit against both it and its employee regarding the same subject matter, Vallejo is "immediately and forever barred from any suit or recovery against [the City] regarding the same subject matter."[2]

We affirm.

## Background

In her original petition, Vallejo alleges that she sustained personal injuries when the car in which she was traveling was struck by another car owned by the City and driven by Joshua Anderson, a City employee. Vallejo further alleges that Anderson was operating the car in a negligent manner by failing to keep a proper lookout, driving at an excessive rate of speed, and failing to timely brake. Vallejo asserts that Anderson is an agent or employee of the City and, as such, the City is liable under the doctrine of respondeat superior. Vallejo further asserts that the City negligently entrusted the car to Anderson and that the City's car experienced "brake failure" at the time of the accident.

2. *See id.* § 101.106(b) (Vernon 2011).

In its answer, the City generally denies Vallejo's allegations and asserts that it is entitled to governmental immunity from Vallejo's claims under the Texas Tort Claims Act.[3] In his separate answer, Anderson also generally denies Vallejo's allegations and invokes the "exceptions from and limitations on liability" set forth in the Tort Claims Act. Vallejo subsequently non-suited her claims against Anderson, and the trial court signed an Order on Partial Non–Suit, dismissing without prejudice Vallejo's claims against Anderson.

Shortly thereafter, the City filed its plea to the jurisdiction, arguing that because Vallejo had simultaneously brought suit against both it and Anderson, Vallejo is "immediately and forever barred from any suit or recovery against [the City] regarding the same subject-matter."[4] The City also contends that even though Vallejo non-suited her claims against Anderson, any suit against him is "forever bar[red]."[5]

The trial court denied the City's plea.

## Standard of Review

■ We review de novo a trial court's ruling on a jurisdictional plea. *See Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 927 (Tex.App.-Dallas 2007). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex.2010). We construe pleadings liberally in favor of the plaintiffs, look to the pleader's intent, and determine whether the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *Id.* Allegations found in pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex.2009).

We review the trial court's interpretation of a statute de novo. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009). In construing statutes, our primary objective is to give effect to the legislature's intent as expressed in the language of the statute. *Id.; see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."). If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning.[6] *Galbraith*

---

**3.** *See id.* §§ 101.021, 101.025 (Vernon 2011).

**4.** *See id.* § 101.106(b).

**5.** The City states that Vallejo non-suited Anderson in response to its "proposed" motion to dismiss under section 101.106(e). *See id.* § 101.106(e). This motion was apparently never filed and is not included in the record.

**6.** The Texas Supreme Court has explained that it is inappropriate to resort to rules of construction or extrinsic aids to construe statutory language that is clear and unambiguous and we must construe a statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *City of Rockwall v.* *Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008). It has also noted the presumption in the Texas Code Construction Act that the legislature intended a just and reasonable result by enacting a statute. *See id.* (citing TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 2005)); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) (providing presumption that "entire statute" is intended to be effective); *id.* § 311.023 (Vernon 2005) (providing that, in construing statute, regardless of ambiguity, court may consider, among other things, "(1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) ad-

*Eng'g Consultants, Inc.,* 290 S.W.3d at 867; *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008).

### Election of Remedies

In its sole issue, the City argues that the trial court erred in denying its plea to the jurisdiction because, by filing suit against both it and its employee regarding the same subject matter, Vallejo is "immediately and forever barred from any suit or recovery against [the City] regarding the same subject matter." *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(b) (Vernon 2011).

■ Governmental immunity exists to protect subdivisions of the State, including municipalities like the City, from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 & n. 2 (Tex.2008). We interpret statutory waivers of governmental immunity narrowly, as the legislature's intent to waive immunity must be clear and unambiguous. *Id.; see* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2011).

The Texas Tort Claims Act provides a limited waiver of governmental immunity for certain suits against governmental entities. *See* Tex. Civ. Prac. & Rem.Code §§ 101.021, 101.023, 101.025 (Vernon 2011). And it generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." *Id.* § 101.021.

The City does not dispute that section 101.021 generally waives its immunity for negligence claims like those brought by Vallejo for damages resulting from a car collision allegedly caused by a City em-

ployee. Rather, the City argues that a plaintiff like Vallejo who simultaneously pleads claims against both the City and its employee regarding the same subject matter is barred from obtaining relief against either the City or its employee.

Section 101.106, entitled "Election of Remedies," provides, in full,

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against ***both a governmental unit and any of its employees, the employees shall immediately be dis-***

ministrative construction of the statute; and (7) title (caption), preamble, and emergency

provision'').

*missed* on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (emphasis added).

The City's argument concerning the operation of the election-of-remedies provision is based upon language contained in the Texas Supreme Court's opinion in *Mission Consolidated Independent School District v. Garcia,* wherein the court sought to "determine the scope of the Tort Claims Act's election-of-remedies provision." [7] 253 S.W.3d 653, 655 (Tex.2008). In *Garcia,* three school-district employees whose employment was terminated by the district sued for violations of the Texas

Commission on Human Rights Act ("TCHRA") [8] and for common-law intentional infliction of emotional distress. *Id.* at 654–55. The employees also sued the superintendent of the district for common-law claims of defamation, fraud, and negligent misrepresentation. *Id.* The district, citing section 101.106(b), filed a plea to the jurisdiction, arguing that the employees' decision to sue both the district and its superintendent barred recovery against the district. *Id.* at 655. The trial court denied the district's plea, and the court of appeals affirmed, reasoning that section 101.106 did not apply to the employees' claims. *Id.* The court of appeals interpreted subsection (a) of section 101.106 "to only apply when [a] governmental unit alone is sued, subsection (b) to only apply when the employee alone is sued, and subsection (e) to apply when both are sued simultaneously." *Id.* at 657–58. The court of appeals also interpreted subsection (e)'s reference to suits "filed under this chapter" to mean that section 101.106 applied only to suits for which the Tort Claims Act waived immunity. *Id.* at 658.

The supreme court "disagree[d] with the court of appeals' narrow interpretation," and it discussed the potential application of both subsections (b) and (e) to the suit. *Id.* In regard to subsection (e),[9] the court

---

7. Before addressing the facts before it, the court analyzed the history of the election-of-remedies provision and explained that, in 1985, the legislature enacted the prior version of the election-of-remedies provision to respond to plaintiffs who were circumventing the Texas Tort Claims Act's damages caps "or other strictures" and to protect government employees. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655–56 (Tex.2008). The court noted that in 2003, as part of a comprehensive effort to reform the tort system, the legislature further amended the provision with the purpose of forcing "a plaintiff to decide at the outset whether an employee acted independently" or, instead, "within the general scope of his or her employment such

that the governmental unit is vicariously liable." *Id.* at 656–57. The amendment compelled a plaintiff to make "an irrevocable election" at the time of filing a lawsuit so as to "narrow[ ] the issues for trial and reduce[ ] delay and duplicative litigation costs." *Id.* at 657.

8. *See* TEX. LAB.CODE ANN. §§ 21.001–21.556 (Vernon 2006).

9. The supreme court noted that the court of appeals had held "that only subsection (e) of section 101.106 could apply" to the employees' claims since the employees sued the district and the superintendent together. *Gar-*

concluded that because the Tort Claims Act is the "only, . . . limited[ ] avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Tort Claims Act for purposes of section 101.106."[10]   *Id.* at 659 (citation omitted).   The court stated that if the district had filed, pursuant to subsection (e), a motion to dismiss the claims against the superintendent, he would have been entitled to dismissal of the employees' suit against him.[11]   *Id.* The court also stated that "if the [district] had obtained [the superintendent's] dismissal from the suit under subsection (e), all of [the employees'] tort claims against [the district] would [also have been] barred because . . . all tort theories of recovery alleged against a governmental unit are presumed to be "under the [Tort Claims Act]."[12]   *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e)).   In regard to the employees' TCHRA claims against the district, the court explained that these discrimination claims did not constitute a "suit filed under this chapter" and "would not come within subsection (e)'s purview because the Tort Claims Act expressly provides that the remedies it authorizes 'are in addition to any other legal remedies.'"   *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.003).

The supreme court then turned to consider subsection (b), which the district argued operated to bar the employees' "entire suit," including the TCHRA claims, "because [the superintendent] was sued as well, which is all that subsection (b) requires."   *Id.* The court agreed that, "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims."   *Id.* The court then noted that, unlike subsections (a), (c), (e), and (f), subsection (b) does not contain the limiting phrase "under this chapter," and, "by subsection (b)'s literal terms, it applies to 'any suit' brought against the governmental unit, provided the other subsection (b) requirements are met."   *Id.* at 559–60.   Noting that subsection (b) expressly operates to bar suit or recovery against a governmental unit "unless the governmental unit consents," the court concluded that because the legislature consented to suit under the TCHRA, the TCHRA claims would survive the application of subsection (b), provided the plaintiff met the procedures outlined in that statute.   *Id.*

In summarizing its holding concerning the scope of section 101.106, the supreme court stated,

---

*cia,* 253 S.W.3d at 658.   The court suggested that the court of appeals erred in concluding that only subsection (e) applies when a plaintiff sues both a governmental unit and its employee.   *See id.*

**10.**   This matter is not disputed in the instant case.

**11.**   The court acknowledged that the district had not sought dismissal of the employees' claims against the superintendent and he himself had not sought dismissal of the claims made against him.   *Garcia,* 253 S.W.3d at 659.

**12.**   The supreme court did not explain why "all . . . tort claims against [the district] would be barred."   *Id.* at 659.   As noted above, it is undisputed that there was no valid waiver of immunity for any of the employees' common law tort claims, but the court suggested that the tort claims against the district were barred as a result of the operation of section 101.106.   *Id.* at 654.   Additionally, and somewhat confusingly, in support of this proposition, the court cites subsection (e), which only requires the dismissal of claims against an employee.

We hold that the Tort Claims Act's election-of-remedies provision applies to bar Garcia's common-law claims against the ISD, but does not bar her TCHRA claims.

*Id.* at 660.

Based upon the above language in *Garcia,* governmental units, like the City, have argued that section ,101.106 creates a "harsh" fatal-filing rule that. immunizes both the governmental unit and its employee when a plaintiff, who has an otherwise valid immunity-waived tort claim, files suit against both. Courts of appeals, in addressing these arguments, have endeavored to interpret the plain language of section 101.106 in a manner that is both consistent with our supreme court's precedent and does not lead to absurd results. *See City of Houston v. Esparza,* 369 S.W.3d 238, 246–53 (Tex.App.-Houston [1st Dist.] 2011, pet. filed); *see also Amadi v. City of Houston,* 369 S.W.3d 254, 259–62 (Tex.App.-Houston [14th Dist.] 2011, pet. filed); *Barnum v. Ngakoue,* No. 03–09–00086–CV, 2011 WL 1642179, at *11 (Tex.App.-Austin Apr. 29, 2011, pet. filed); *City of N. Richland Hills v. Friend,* 337 S.W.3d 387, 392–93 (Tex.App.-Fort Worth 2011, pet. granted).

The City's argument for a harsh fatal-filing rule is not entirely without merit considering certain language in the *Garcia* opinion. However, in addition to the language in *Garcia* that favors the City's argument, which we have detailed above, there is also language suggesting that the supreme court did not intend to interpret section 101.106 in such a way as to create a fatal-filing trap that would bar plaintiffs like Vallejo from court entirely. For example, in discussing the general purposes of the election-of-remedies provision, the court stated that the "election scheme is intended to protect governmental employees by favoring *their early dismissal* when

a claim regarding the same subject matter is also made against the governmental employer." *Id.* at 657 (emphasis added). More significantly, the court stated,

> Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and ***may be sought against the governmental unit only*** in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) ***when suit is filed against both the governmental unit and its employee,*** *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f).

*Id.* (emphasis added). In this passage, the court expressly recognized that a plaintiff, like Vallejo, who simultaneously files suit against a governmental unit and its employee for common law tort claims for which immunity has .been waived under the Tort Claims Act is not left without any remedy merely as the result of the simultaneous filing. *See id.* This is the only reasonable interpretation of the election-of-remedies provision in the Tort Claims Act because it is actually in accord with the plain language used by the legislature:

> (e) If a suit is filed under this chapter against ***both a governmental unit and any of its employees, the employees shall immediately be dismissed*** on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e) (emphasis added).

■ Presented with the conflicting language in *Garcia,* we follow the precedent of our Court in *Esparza,* which is in accord with the plain language used by the legislature in section 101.106(e). Accordingly, we hold that subsection (b) does not bar Vallejo from pursuing her common law tort claims against the City. *See id.*

§ 101.106(b), (e); *Esparza*, 369 S.W.3d at 253. We further hold that the trial court did not err in denying the City's plea to the jurisdiction.[13]

We overrule the City's sole issue.

## Conclusion

We affirm the order of the trial court.

Justice BROWN, concurring.

---

13. We contemporaneously issue an opinion in another case addressing the application of section 101.106 to a plaintiff who initially sued both the City and its employee for injuries sustained in a car collision but, unlike here, did not subsequently voluntarily nonsuit the claims against the employee. *See City of Houston v. Rodriguez*, 371 S.W.3d 492 (Tex. App.-Houston [1st Dist.] 2012, no pet. h.). In that case, we similarly hold that section 101.106(b) does not require dismissal of the plaintiff's immunity-waived tort claims. *See id.* Because our holding is based upon our rejection of the City's argument that Vallejo committed a fatal filing error by bringing suit against both the City and the employee, we do not address whether any further material distinction could be made in the instant case in light of Vallejo's non-suit of her claims against the employee.

1. Since its issuance, this Court has consistently followed *Esparza*. *See, e.g., City of Houston v. Gwinn*, No. 01–11–00524–CV, 2012 WL 1068591, at *1–2 (Tex.App.-Houston [1st Dist.] Mar. 29, 2012, no pet. h.) (mem. op.) (following *Esparza*); *Metro. Transit Auth. v. Light*, No. 01–11–00747–CV, 2012 WL

I therefore concur in the Court's opinion.

---

252187, at *1–2 (Tex.App.-Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.) (same); *City of Houston v. Tsaig*, No. 01–11–00432–CV, 2012 WL 170606, at *2–3 (Tex.App.-Houston [1st Dist.] Jan. 19, 2012, no pet.) (mem. op.) (same); *Tex. Dep't of Aging & Disability Servs. v. Johnson*, No. 01–11–00526–CV, 2012 WL 27728, at *2 (Tex.App.-Houston [1st Dist.] Jan. 5, 2012, no pet.) (mem. op.) (same); *City of Houston v. Marquez*, No. 01–11–00493–CV, 2011 WL 6147772, at *2–3 (Tex.App.-Houston [1st Dist.] Dec. 8, 2011, no pet.)(mem. op.) (same); *City of Houston v. McClain*, No. 01–11–00194–CV, 2011 WL 6015697, at *2–3 (Tex. App.-Houston [1st Dist.] Dec. 1, 2011, pet. filed) (mem. op.) (same); *City of Houston v. San Miguel*, No. 01–10–01071–CV, 2011 WL 5429048, at *2–3 (Tex.App.-Houston [1st Dist.] Nov. 10, 2011, no pet. h.) (mem. op.) (same). Several other courts of appeals have also followed *Esparza*. *See, e.g., Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, 369 S.W.3d 523, 531 (Tex.App.-Amarillo 2012, no pet. h.); *Tex. Dep't of Pub. Safety*, 371 S.W.3d 303, 307–11 (Tex.App.-San Antonio 2012, no pet. h.).