**Opinion issued June 21, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00190-CV

_____

**THE CITY OF HOUSTON, Appellant**

**V.**

**KELVIN ATKINS, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-75339**

---

## MEMORANDUM OPINION

The City of Houston appeals the trial court's interlocutory order denying its plea to the jurisdiction.[1] In its sole issue, the City contends that the trial court erred in denying its plea because it has immunity pursuant to subsection (b) of the election-of-remedies provision of the Texas Tort Claims Act.

We affirm.

### Background Summary

Kelvin Atkins sued the City of Houston ("the City") and its employee, Wayne Douglas Collins. Atkins alleged that he suffered personal injuries in a motor vehicle accident involving Collins. Atkins alleged that the accident was caused by Collins' negligent operation of the motor vehicle Collins was driving. Atkins asserted that, at the time of the accident, Collins was acting within the course and scope of his employment with the City.

The City filed a plea to the jurisdiction seeking dismissal of Atkins's claims against it. In its plea, the City cited Tort Claims Act subsection 101.106(b), which provides that the "filing of a suit against any employee of a governmental unit . . . immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2011).

consents."[2]  The City asserted, "By filing suit against Collins regarding the same subject matter, plaintiff perfected [the City's] section 101.106(b) immunity, defeating this Court's subject-matter jurisdiction."

A few days after the City filed its plea, Atkins non-suited his claims against the City's employee, Collins.  Atkins amended his petition to name the City as the only defendant.

The trial court denied the City's plea to the jurisdiction.  The City now appeals the trial court's order.  In its sole issue, the City asserts that the trial court erred in denying its plea to the jurisdiction because Tort Claims Act subsection 101.106(b) grants it immunity and bars any suit by Atkins against it arising from the automobile accident with Collins.

## Standard of Review

Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999).  We review de novo a trial court's ruling on a jurisdictional plea.  *Miranda*, 133 S.W.3d at 226; *see Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W .3d 921, 925 (Tex. App.—Dallas 2007,

---

[2]  *See id*. § 101.106(b) (Vernon 2011).

3

pet. denied). We also review a trial court's interpretation of a statute de novo. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).

**Analysis**

Sovereign and governmental immunity exist to protect the State and its political subdivisions from lawsuits and liability for money damages because such lawsuits hamper governmental functions by interfering with the appropriate use of tax resources. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Even so, the State, and likewise its political subdivisions, may be sued when the legislature has statutorily waived immunity. *See id*.

The Torts Claim Act establishes a limited waiver of immunity and authorizes suits to be brought against governmental units in certain defined circumstances and with certain restrictions. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (Vernon 2011 & Vernon Supp. 2011); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). With respect to a statutory waiver of immunity, as in the Tort Claims Act, we interpret the waiver narrowly, because the legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 655 (citing TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005)). Relevant to this case, the Act waives governmental immunity to the extent that liability arises from the "use of a

4

motor-driven vehicle or motor-driven equipment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (Vernon 2011).

The City does not presently dispute that section 101.021 generally waives its immunity for personal injury claims arising from an accident involving the use of a motor vehicle, such as that asserted by Collins. Nonetheless, the City claims that, under the procedural posture of this case, its immunity remains intact pursuant to Tort Claims Act section 101.106.[3]

Section 101.106, entitled "Election of Remedies," provides as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

---

[3] The Supreme Court of Texas has stated that that "section 101.106 is an immunity statute." *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). The supreme court reiterated this position in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). There, the court, citing *Newman*, stated that section 101.106 is a statute which confers immunity. *Id.* at 371 n.9 (citing *Newman*, 960 S.W.2d at 623).

5

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.

The City argues that a plaintiff who sues both the governmental employee and the governmental unit cannot maintain suit against either. The City contends that if a plaintiff, such as Atkins, originally files suit against both a governmental unit and its employee, on the governmental unit's motion, the plaintiff's claims against the governmental unit must be dismissed under subsection (b), which grants it immunity from suit. And, on the filing of the City's motion, the employee is also entitled to dismissal under subsection (e). Based on this interpretation, the City asserts that, in this case, it was entitled to immunity and dismissal under subsection (b).

6

We have previously decided the question of statutory interpretation presented in this case: whether subsection 101.106(b) grants a governmental unit, such as the City, immunity from suit when the plaintiff initially sues both the governmental unit and its employee for tort claims. In *City of Houston v. Esparza*, we determined that subsection (b) does not grant the City immunity from suit—thus requiring its dismissal—when the plaintiff sues both the City and its employee in the original petition. No. 01–11–00046–CV, 2011 WL 4925990, at \*10 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g). Giving effect to the legislature's plain language and reading section 101.106's provisions in harmony, we explained that a plaintiff's initial filing of suit against the City and its employee invoked subsection (e), not subsection (b). *See id.* Such filing results in the plaintiff's involuntary election of the governmental unit as his exclusive defendant, should the government, as in *Esparza*, choose to file a dismissal motion on behalf of the employee. *See id.* We held that subsection (b) did not bar the plaintiff's claims against the City, and we affirmed the trial court's denial of the City's dismissal motion.[4] *See id.*

In sum, subsection (b) has no application when a plaintiff simultaneously sues the governmental unit and its employee, and the plaintiff elects the unit as its

---

[4]     This interpretation is in accord with language in *Mission Consolidated Independent School District v. Garcia* in which the Supreme Court of Texas recognized that a governmental unit may be sued when the suit is filed against it and its employee. 253 S.W.3d 653, 657 (Tex. 2008).

chosen defendant. This is true regardless of whether the plaintiff's claims are dismissed by way of a governmental unit's motion, as in *Esparza*, or, as in this case, by non-suit of the employee.[5] *See id.* Following our precedent in *Esparza*, we conclude that subsection (b) does not provide immunity when a claimant sues both a governmental unit and its employee. *See id.* at \*4, 6. If he has otherwise complied with the jurisdictional requisites of the Tort Claims Act, Atkins is not barred by subsection (b) from pursuing his claims against the City. *See id.*

---

[5] The City is critical of our opinion in *Esparza*. Since its issuance, we have relied on and reaffirmed the reasoning of *Esparza* in a number of opinions. *See, e.g., City of Hous. v. Vallejo*, No. 01–11–00133–CV, 2012 WL 1881726, at \*5 (Tex. App.—Houston [1st Dist.] May 22, 2012, no pet. h.); *City of Hous. v. McMahon*, No. 01–11–01037–CV, 2012 WL 1249567, at \*4 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, not pet. h.) (mem. op.); *Metro. Transit Auth. v. Light*, No. 01–11–00747–CV, 2012 WL 252187, at \*2–3 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.); *City of Hous. v. Tsaig*, No. 01–11–00432–CV, 2012 WL 170606, at \*3 (Tex. App.—Houston [1st Dist.] Jan. 19, 2012, (no pet.) (mem. op.); *Tex. Dept. of Aging & Disability Servs. v. Johnson*, No. 01–11–00526–CV, 2012 WL 27728, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 5, 2012, pet. filed) (mem. op.); *City of Hous. v. Marquez*, No. 01–11–00493–CV, 2011 WL 6147772, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, no pet.) (mem. op.); *City of Hous. v. McClain*, No. 01–11–00194–CV, 2011 WL 6015697, at \*2–3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011, pet. filed) (mem. op.); *City of Hous. v. San Miguel*, No. 01–10–01071–CV, 2011 WL 5429048, at \*2–3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op.). Here, we again reaffirm *Esparza* and apply its holding.

We also note that two of our sister courts have relied on our reasoning in *Esparza* to reject the same argument made by the City in this case. *See, e.g., Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, No. 07–11–0257–CV, 2012 WL 967366, at \*7 (Tex. App.—Amarillo Mar. 22, 2012, no pet. h.); *Tex. Dept. of Pub. Safety v. Deakyne*, No. 04–11–00271–CV, 2012 WL 726916, at \*7 (Tex. App.—San Antonio Mar. 7, 2012, no pet. h.)

We hold that the trial court properly denied the City's plea to the jurisdiction.  We overrule the City's sole issue.

## Conclusion

We affirm the order of the trial court denying the City's plea to the jurisdiction.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.