**Opinion issued December 6, 2012**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-11-00877-CV

————————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, AS SUBROGEE,
Appellee**

On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 976794

## MEMORANDUM OPINION

In this interlocutory appeal, the City of Houston appeals from the trial court's denial of its plea to the jurisdiction on the negligence claims of

Government Employees Insurance Company, as Subrogee of Erik Ustruk.[1]  In its sole issue, the City contends that the trial court erred because it enjoys immunity pursuant to subsection (b) of the election-of-remedies provision of the Texas Tort Claims Act.[2]

We affirm.

## Background

GEICO sued the City and Donnell Kennedy, its employee, for Kennedy's negligent operation of his vehicle, alleging that it's insured, Ustruk, sustained property damage from an accident involving Kennedy.  Under the doctrine of respondeat superior, GEICO claimed Kennedy was acting in the course and scope of his employment and, as such, the City is liable for Kennedy's negligent conduct.

The trial court granted the City's motion to dismiss all of GEICO's claims against Kennedy pursuant to section 101.106(e) of the Tort Claims Act.[3]  The City then filed a plea to the jurisdiction, contending that, because GEICO's suit against

---

[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012) (permitting interlocutory appeals from court order that grants or denies plea to jurisdiction by governmental unit).

[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) (West 2011) ("The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.")

[3]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.")

2

Kennedy regarded the same subject matter as its claims against the City, all of GEICO's tort claims against the City were barred by section 101.106(b) of the Tort Claims Act's election-of-remedies provision.[4]  The trial court denied the City's plea to the jurisdiction and this interlocutory appeal followed.

**Discussion**

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000), the existence of which is a question of law that we review de novo.  *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).  Subject-matter jurisdiction is not to be presumed, rather, the burden is on the plaintiff to allege facts affirmatively demonstrating it.  *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 446 (Tex. 1993); *Kamel*, 333 S.W.3d at 681.

Whether a governmental unit is immune from suit is a question of subject-matter jurisdiction.  *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  Determination of that issue here turns on construction of the Tort Claims Act's election-of-remedies provision.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011).  In construing a statute, our primary objective is to

---

[4]    *See id*. § 101.106(b).

3

determine and give effect to the Legislature's intent. *Gonzalez*, 82 S.W.3d at 327. In doing so, we "read the statute as a whole and interpret it to give effect to every part." *Id.* (citation omitted). With respect to a statutory waiver of immunity, as in the Tort Claims Act, we interpret the waiver narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing TEX. GOV'T CODE ANN. § 311.034 (West 2005)).

The City argues that a plaintiff who sues both a governmental employee and a governmental unit cannot maintain suit against either. The City contends that if a plaintiff, such as GEICO, originally files suit against both a governmental unit and its employee, on the government's motion, the plaintiff's claims against the governmental unit must be dismissed under subsection (b), which grants it immunity from suit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b). The City further maintains that the employee, too, is entitled to dismissal under subsection (e). *Id.* § 101.106(e). Based on this interpretation, the City asserts that, in this case, it was entitled to immunity and dismissal under subsection (b). *Id.* § 101.106(b).

This Court has previously decided the question of statutory interpretation presented in this case in *City of Houston v. Esparza*. 369 S.W.3d 238, 253–54 (Tex. App.—Houston [1st Dist.] 2011, pet. filed) (op. on reh'g). There we

4

determined that subsection (b) does not grant the City immunity from suit—thus requiring its dismissal—when the plaintiff sues both the City and its employee in the original petition. *See id.* at 249. Giving effect to the Legislature's plain language and reading section 101.106's provisions in harmony, we determined that a plaintiff's initial filing of suit against the City and its employee invoked subsection (e), not subsection (b), resulting in an election of the governmental unit as the exclusive defendant, should the governmental unit, as in *Esparza*, file a dismissal motion on behalf of the employee. *See id.* at 253. We held that subsection (b) did not bar the plaintiff's claims against the City, and affirmed the trial court's denial of the City's dismissal motion.[5] *See id.* at 253–54.

As settled by *Esparza*,[6] we conclude that subsection (b) provides no immunity to the governmental unit when both the governmental unit and its

---

[5]  This interpretation is in accord with language in *Mission Consolidated Independent School District v. Garcia* in which the Supreme Court of Texas recognized that a governmental unit may be sued when the suit is filed against it and its employee. 253 S.W.3d 653, 657 (Tex. 2008).

[6]  The City is critical of our opinion in *Esparza*. Since its issuance, we have relied on and reaffirmed the reasoning of *Esparza* in a number of opinions. *See, e.g.*, *City of Hous. v. Atkins*, No. 01-12-00190-CV, 2012 WL 2357488, at *3 (Tex. App.—Houston [1st Dist.] June 21, 2012, pet. filed) (mem. op.); *City of Hous. v. Vallejo*, 371 S.W.3d 499, 505–06 (Tex. App.—Houston [1st Dist.] 2012, pet. filed); *City of Hous. v. McMahon*, No. 01-11-01037-CV, 2012 WL 1249567, at *3–4 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. filed) (mem. op.); *Metro. Transit Auth. v. Light*, No. 01-11-00747-CV, 2012 WL 252187, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.); *City of Hous. v. Tsaig*, No. 01-11-00432-CV, 2012 WL 170606, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 19, 2012, pet. filed) (mem. op.); *Tex. Dep't of Aging & Disability Servs. v. Johnson*, No. 01-11-00526-CV, 2012 WL 27728, at *2 (Tex. App.—

employee are sued. *See id*. at 249, 253–54. If it has otherwise complied with the jurisdictional requisites of the Tort Claims Act, GEICO is not barred by subsection (b) from pursuing its claims against the City. *See id*. at 253–54.

Accordingly, we hold that the trial court properly denied the City's plea to the jurisdiction. We overrule the City's sole issue.

## Conclusion

We affirm the order of the trial court denying the City's plea to the jurisdiction.


Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

Houston [1st Dist.] Jan. 5, 2012, pet. filed) (mem. op.); *City of Hous. v. Marquez*, No. 01-11-00493-CV, 2011 WL 6147772, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, pet. filed) (mem. op.); *City of Hous. v. McClain*, No. 01-11-00194-CV, 2011 WL 6015697, at \*2–3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011, pet. filed) (mem. op.); *City of Hous. v. San Miguel*, No. 01-10-01071-CV, 2011 WL 5429048, at \*2–3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, pet. filed) (mem. op.). Here, we again reaffirm *Esparza* and apply its holding.

We also note that two of our sister courts have relied on our reasoning in *Esparza* to reject the same argument made by the City in this case. *See, e.g.*, *Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, 369 S.W.3d 523, 531 (Tex. App.—Amarillo 2012, pet. filed); *Tex. Dep't of Pub. Safety v. Deakyne*, 371 S.W.3d 303, 311 (Tex. App.—San Antonio 2012, pet. filed).