Opinion issued August 12, 2021



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00990-CV

_____

## HARRIS COUNTY APPRAISAL DISTRICT, Appellant

## V.

## JACOB S. MCDONALD AND 1615 TABOR, LLC, Appellees

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2018-29796

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, Harris County Appraisal District ("HCAD"), challenges the trial court's order denying its plea to the jurisdiction in

---

1    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

the suit brought against it by appellees, Jacob S. McDonald and 1615 Tabor, LLC ("1615 Tabor") (collectively, the "property owner"), seeking judicial review of the denial of a "correction motion" by the Harris County Appraisal Board (the "Board"). In its sole issue, HCAD contends that the trial court lacks subject-matter jurisdiction over the property owner's suit.

We reverse and render.

## Background

In its petition, the property owner alleged that McDonald "is the current owner and [1615 Tabor] is the former owner of real property" identified by HCAD Account Number 0102510000013, located in Harris County, Texas (the "property"). And 1615 Tabor "timely filed a [Texas Tax Code] [s]ection 25.25 correction motion with" the Board and HCAD for tax year 2017.[2] 1615 Tabor's "correction motion was submitted on the basis that the City of Houston established ordinances affecting the . . . property by creating a minimum lot size requirement and a minimum building line requirement," which "negatively affected the value of the . . . property." McDonald, who had assumed ownership of the property, presented the motion for hearing, which "resulted in a final order denying correction and setting the appraised value of the property."

---

[2]    *See* TEX. TAX CODE ANN. § 25.25(c).

The property owner sought judicial review by the trial court of the Board's order denying its correction motion under Texas Tax Code Chapter 42.[3] It requested that the trial court reverse the Board's denial of its correction motion and sought monetary relief[4] and attorney's fees.[5]

HCAD answered, generally denying the allegations in the property owner's petition. HCAD also filed a plea to the jurisdiction, asserting that the trial court lacked subject-matter jurisdiction over the property owner's suit. HCAD explained that the property owner, through an appointed agent, protested the property's 2017 valuation before the Board. HCAD and the property owner's agent "appeared at an informal meeting on the protest on June 28, 2019." At the informal meeting, the property owner and HCAD agreed "that the total value of the . . . property should be $260,000 market and appraised value for tax year 2017."[6] "This agreement was reduced to writing and recorded in [HCAD]'s records." HCAD attached a copy of the completed "Informal Interview Settlement Form" to its plea to the jurisdiction. The agreement reflects that HCAD had initially appraised the property at $293,396. In agreeing to the $260,000 value, HCAD and the property owner acknowledged

---

[3]   *See id.* §§ 42.01–.43.

[4]   *See id.* § 42.43.

[5]   *See id.* § 42.29.

[6]   *See id.* § 1.111(e).

3

that they "underst[ood] that the settled value" was "final and not subject to further protest or appeal."

According to HCAD, despite "enter[ing] into a written agreement with" HCAD in which it "agree[d] to a market and appraised value of the . . . property for tax year 2017,"[7] the property owner "filed a [c]lerical [e]rror [c]orrection motion[8] with the [Board], which was denied." HCAD argued that because it had "agreed with [the property owner's] requested value at an informal . . . hearing," the $260,000 agreed appraised and market value of the property was final, the Texas Tax Code "prohibit[ed] any further appeal of th[e] agreed value," and the trial court "lack[ed] jurisdiction over th[e] [property owner's] action."

In response, the property owner asserted that its suit involved "the appeal of the decision by the . . . Board . . . to deny" the property owner's motion to correct a clerical error related to the property for the tax year 2017.[9] And the agreement between the property owner and HCAD "had nothing to do with the correction of the tax roll, which [was] the only issue for which [the property owner] . . . s[ought] review." According to the property owner, the agreement between it and HCAD concerned the market and "appraised value of the [p]roperty," not whether HCAD

---

7      *See id.* § 1.111(e)(2).

8      *See id.* § 25.25(c)(1).

9      *See id.*

"committed a clerical error in regard to th[e] property by failing to retrieve information about city ordinances that placed restrictions on the [p]roperty's use"—which the property owner asserted was the basis for its request for judicial review by the trial court. The property owner attached its correction motion to its response.

The trial court denied HCAD's plea to the jurisdiction.

**Standard of Review**

Subject-matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff bears the burden of affirmatively demonstrating that the trial court has subject-matter jurisdiction over its case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Villarreal v. Harris Cty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Houston v. Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). A defendant may use a plea to the jurisdiction to challenge whether the plaintiff has met its burden of alleging jurisdictional facts or to challenge the existence of

jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 226. We construe the pleadings liberally in favor of the pleader, accept all factual allegations as true, and look to the pleader's intent. *Heckman*, 369 S.W.3d at 150. If the pleadings are insufficient, the court should afford an opportunity to replead if the defects are potentially curable but may dismiss if the pleadings affirmatively negate the existence of jurisdiction. *City of Houston v. Guthrie*, 332 S.W.3d 578, 586–87 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Review of a plea challenging the existence of jurisdictional facts mirrors that of a matter-of-law summary-judgment motion. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228 ("[T]his standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). . . . By requiring the [S]tate to meet the summary judgment standard of proof . . . , we protect the plaintiff[] from having to put on [its] case simply to establish jurisdiction.") (internal quotations omitted) (internal citations omitted); *see also* TEX. R. CIV. P. 166a(c). "[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the

6

jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). And a court may consider evidence as necessary to resolve a dispute over the jurisdictional facts even if the evidence "implicates both the subject[-]matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226.

We take as true all evidence favorable to the non-movant and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.* at 228. If the defendant meets its burden to establish that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a material fact question regarding the jurisdictional issue. *Id.* at 227–28. If the evidence raises a fact issue about jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Id.* On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Garcia*, 372 S.W.3d at 635.

**Plea to the Jurisdiction**

In its sole issue, HCAD argues that the trial court erred in denying its plea to the jurisdiction because the property owner entered into an agreement with HCAD under Texas Tax Code section 1.111(e) about the value of the property, the agreement was final, the Board had no authority to review or reject the agreement,

7

and "there [was] no determination from the [Board] over which the trial court had jurisdiction."

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Garcia*, 372 S.W.3d at 635; *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 324; *Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *2 n.8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.). Without an express waiver of sovereign immunity or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its political subdivisions. *See State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Miranda*, 133 S.W.3d at 224–25.

"An appraisal district is a political subdivision of the [S]tate." TEX. TAX CODE ANN. § 6.01(c). As such, appraisal districts generally are immune from suit. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). In a suit against a tax appraisal district, the property owner must affirmatively demonstrate

8

the trial court's jurisdiction by alleging a valid waiver of immunity. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

"We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The Texas Tax Code provides a limited statutory waiver of immunity that allows property owners to seek judicial review of an appraisal review board's determination of a motion to correct filed under Texas Tax Code section 25.25.[10] *See* TEX. TAX CODE ANN.

---

[10]  An appraisal review board:

> (1)  determine[s] protests initiated by property owners;
>
> (2)  determine[s] challenges initiated by taxing units;
>
> (3)  correct[s] clerical errors in the appraisal records and the appraisal rolls;
>
> (4)  act[s] on motions to correct appraisal rolls under [s]ection 25.25;
>
> (5)  determine[s] whether an exemption or a partial exemption is improperly granted and whether land is improperly granted appraisal . . .; and
>
> (6)  take[s] any other action or make[s] any other determination that this title specifically authorizes or requires.

TEX. TAX CODE ANN. § 41.01(a). But an appraisal review board is prohibited from "review[ing] or reject[ing] an agreement between a property owner or the owner's agent and the chief appraiser under [Texas Tax Code] [s]ection 1.111(e)." *Id.* § 41.01(b); *see also id.* § 1.111(e) ("An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter (1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board; or (2) which may be corrected under [s]ection 25.25 or on which a motion for correction under that section has been filed but not determined by the board.").

§ 42.01(a)(1)(B); *Houston Cement Co. v. Harris Cty. Appraisal Dist.*, No. 14-12-00491-CV, 2013 WL 3243281, *2 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op.); *see also Bustos v. Bexar Appraisal Dist.*, No. 04-19-00781-CV, 2021 WL 2118373, at *3 (Tex. App.—San Antonio May 26, 2011, no pet.) (mem. op.) (describing waiver of governmental immunity by Texas Tax Code as "limited"). But this statutory waiver does not extend to judicial review of an agreement between a property owner or the owner's agent and an appraisal district "which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board" or "which may be corrected under [Texas Tax Code] [s]ection 25.25 or on which a motion for correction under that section has been filed but not determined by the board." *See* TEX. TAX CODE ANN. § 1.111(e). An agreement under Texas Tax Code section 1.111(e) about a property's value (a "section 1.111(e) agreement") is final, and thus does not come within the statutory waiver of immunity allowing judicial review. *See id.*; *see also id.* § 41.01(b) ("The [appraisal review] board may not review or reject an agreement between a property owner or the owner's agent and the chief appraiser under [s]ection 1.111(e)."); *MHCB (USA) Leas. & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 83–84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). And once the tax appraisal roll is final, "it may not be changed except to correct a name or address, a determination of ownership, a description of property,

10

multiple appraisals of a property, an erroneous denial or cancellation" of certain statutorily authorized exemptions, "or a clerical error or other inaccuracy as prescribed by board rule that does not increase the amount of tax liability." TEX. TAX CODE ANN. § 25.25(b).

In its plea to the jurisdiction, HCAD satisfied its initial burden to prove that the trial court lacked subject-matter jurisdiction by showing that the property owner's agent and the Board entered into a section 1.111(e) agreement about the 2017 property value that made the property owner's correction motion based on HCAD's manner of calculating the property's 2017 value unreviewable. *See id.* § 1.111(e) (agreement under section 1.111(e) "is final"). In response, the property owner argued that the Board's denial of its correction motion was reviewable as a decision under Texas Tax Code section 25.25(c)(1) because, despite the section 1.111(e) agreement, HCAD "committed a clerical error in regard to this property by failing to retrieve information about city ordinances that placed restrictions on the [p]roperty's use," which affected the appraised value. *See* TEX. TAX CODE ANN. § 25.25(c)(1) (allowing appraisal review board, on motion of chief appraiser or property owner, to "order changes in the appraisal roll for any of the five preceding years to correct . . . clerical errors that affect a property owner's liability for a tax imposed in that tax year"). In denying HCAD's plea to the jurisdiction, the trial court implicitly found that the property owner properly invoked the statutory waiver

11

of immunity under the Texas Tax Code. *See id.* § 42.01(a)(1)(B) (entitling property owner to appeal order of appraisal review board determining motion filed under section 25.25).

Although the property owner, in its response to the plea to the jurisdiction, asserted that the agreement between it and HCAD "concerned only the appraised value of the property" and had "nothing to do with the correction of the tax roll," the appraised value of a property is an integral part of the tax roll. Each year, the chief appraiser for an appraisal district prepares and certifies "to the assessor for each taxing unit participating in the district that part of the appraisal roll for the district that lists the property taxable by the unit." *Id.* § 26.01(a). Calculation of the property tax owed on a particular property begins with the appraised value set forth in the appraisal roll. *See id.* § 26.09(c). And "[t]he appraisal roll with amounts of tax entered as approved by the governing body constitutes the unit's tax roll." *Id.* § 26.09(e). The error the property owner alleges—HCAD's failure to consider "information about city ordinances that placed restrictions on the [p]roperty's use" in appraising the property's value—specifically involves whether the agreed value of $260,000, and thus, the tax owed, which is calculated based on that value, is correct. We conclude that the error alleged by the property owner concerns the same subject matter as the section 1.111(e) agreement between the property owner and HCAD. Thus, the property owner's correction motion is subject to judicial review

12

only if it alleges a clerical error susceptible to correction. *See id.* §§ 25.25(c)(1), 42.01(a)(1)(B).

Whether an error alleged by the property owner is a "clerical error" is a question of statutory construction. *LFD Holdings v. Cameron Cty. Appraisal Dist.*, Nos. 13-10-00672-CV, 13-10-00673-CV, 2012 WL 29337, *2 (Tex. App.—Corpus Christi–Edinburgh Jan. 5, 2012, pet. denied) (mem. op.). The Texas Tax Code defines "clerical error" as an error:

> (A)  that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating;  or
>
> (B)  that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor;  however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

TEX. TAX CODE ANN. § 1.04(18).

In *Dallas Central Appraisal District v. Southwest Airlines*, the Dallas Court of Appeals observed that the Texas Tax Code did not define "computing" or "calculating," so the appellate court looked to the dictionary definition of those terms and determined that they referred to the mathematical process used to calculate the value of the property, but not the formula chosen to arrive at the numbers used to make that calculation. *See* No. 05-10-00682-CV, 2012 WL 210964, at *3 (Tex. App.—Dallas Jan. 24, 2012, pet. denied) (mem. op.). Other courts, including this

Court, have likewise rejected property owners' attempts to characterize the selection of factors used to calculate appraisal value as "clerical errors." *See Marubeni Am. Corp. v. Harris Cty. Appraisal Dist.*, 168 S.W.3d 860, 861, 863 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (rejecting assertion property owner's computation of inventory value using internal reports containing incorrect data instead of warehouse report, which was not available at time of original rendition, was clerical error); *Stacy Family Enters., Inc. v. Tarrant Appraisal Dist.*, No. 02-13-00170-CV, 2013 WL 6564299, at *3–4 (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.) (property owner's complaint appraisal district deliberately used method involving accepting property owner's renditions of its inventory's market value instead of conducting independent valuation and making no further depreciation deductions sought substantive reevaluation of appraised value and thus was not claim of clerical error); *Lack's Valley Stores, Ltd. v. Hidalgo Cty. Appraisal Dist.*, No. 13-10-00500-CV, 2011 WL 2475843, at *3 (Tex. App.—Corpus Christi–Edinburgh June 23, 2011, pet. denied) (mem. op.) (appraisal district's failure to account for depreciation "was the byproduct of a deliberate determination" and "not properly defined as a clerical error").

Here, the property owner does not seek to correct a mathematical error in calculation, but to include another factor in the methodology used to arrive at the appraised value of the property. Because the error alleged by the property owner is

14

not a clerical one, we conclude that the property owner failed to affirmatively show that the Board's denial of its correction motion was reviewable by the trial court as a decision under Texas Tax Code section 25.25(c)(1).  *See* TEX. TAX CODE ANN. § 42.01(a)(1)(B) ("A property owner is entitled to appeal . . . a motion filed under [s]ection 25.25.").  As a result, the Texas Tax Code does not waive governmental immunity, and the trial court lacks subject-matter jurisdiction over the property owner's suit against HCAD.  We hold that the trial court erred in denying HCAD's plea to the jurisdiction.

We sustain HCAD's sole issue.

## Conclusion

We reverse the order of the trial court denying HCAD's plea to the jurisdiction and render judgment dismissing the property owner's suit for lack of subject-matter jurisdiction.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.