**RIDGWAY'S, INC., Appellant,**

**v.**

**Louise PAYNE, Individually and as Executrix of the Estate of George H. Payne, Jr., Deceased, Appellee.**

**No. B14–92–00593–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1993.

Ronald M. Gaswirth, Lori M. McNally, Houston, for appellant.

Eliot P. Tucker, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellee, Louise Payne, individually and as Independent Executrix of the Estate of her late husband, George H. Payne, Jr., brought suit against appellant, Ridgway's, Inc., alleging age discrimination in the terms of appellant's employee benefits plan. Specifically, appellee alleged discrimination because the terms of appellant's plan provide reduced life insurance benefits for employees over the age of sixty-five. The trial court granted summary judgment in favor of appellee, and appellant appeals in four points of error. We reverse and render judgment in favor of appellant.

George H. Payne, Jr., was an employee of Ridgway's until his death on April 25, 1989. At the time of his death, George Payne was a participant in the Ridgway's Employee Benefit Program (the "Plan"). The Plan was funded in June, 1986 by a group term life insurance policy and a group medical insurance policy. Louise Payne was the designated beneficiary of George Payne's life insurance policy. Employees under the Plan receive reduced death benefits after age sixty-five. For employees who are between ages sixty-five and seventy at the time of their deaths, the Plan provides that death benefits are reduced by thirty-five percent, from $100,000 to $65,000. George Payne was sixty-six at the time of his death, and his benefits were reduced in accordance with the terms of the policy. Louise Payne received and accepted $65,000 in death benefits on June 6, 1989. She subsequently brought suit for $35,000, the difference between the amount she received and the amount she claims she would have received if not for the alleged discrimination.

Appellee's suit was brought solely for violation of the Texas Commission on Human Rights Act, TEX.REV.CIV.STAT.ANN. art. 5221k (Vernon 1987 & Supp.1993) (CHRA).[1] Both the Texas statute, and the federal statute after which it was patterned, make it unlawful to discriminate with respect to employment on the basis of race, color, handicap, religion, sex, national origin, or age. However, the CHRA contains exemptions to the general prohibition against employment discrimination, as follows:

> it is not an unlawful employment practice for an employer to apply different standards of compensation or different terms, conditions or privileges of employment under a ... bona fide employee benefit plan, such as a retirement, pension, or insurance plan, which is not a subterfuge to evade this Act.

TEX.REV.CIV.STAT.ANN. art. 5221k § 5.07(a)(3) (Vernon Supp.1993).[2]

---

1. TEX.REV.CIV.STAT.ANN. art. 5221k § 5.01(1) (Vernon 1987) provides, in part:

    It is an unlawful employment practice for an employer:
    (1) to fail or refuse to hire or to discharge an individual or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race, color, handicap, religion, sex, national origin, or age.

2. This exemption is styled after the exemption found in the federal Age Discrimination in Employment Act (ADEA):

    It shall not be unlawful for an employer, employment agency, or labor organization—
    ...
    (2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter....
    29 U.S.C. § 623(f)(2) (1985).
    In 1990, Congress amended this section of the ADEA in the Older Workers' Benefit Protection Act (OWBPA), Pub.L. 101–433, § 103(1), 104 Stat. 978, 979 (Oct. 16, 1990) (codified at 29 U.S.C. § 623(f)(2) (Supp.1992)). However, this act has prospective effect only, applying to plans

Appellee filed a motion for summary judgment, supported by an affidavit from Louise Payne. Appellee argued that the state anti-discrimination law should be applied in accordance with current federal law, making appellant's Plan in violation of the CHRA as a matter of law. Appellant responded to the motion, and also brought a counter-motion for summary judgment, supported by affidavits from two employees, Yandell Rogers, Jr., its president, and Elvin Geisselbrecht, its secretary-treasurer. The trial court granted summary judgment in favor of appellee, implicitly denying appellant's motion.

The standard to be followed in review of a summary judgment is well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ The movant must establish his entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). A summary judgment must stand on its own merits; the non-movant need not respond to the motion to contend on appeal that it is insufficient as a matter of law to support summary judgment. *Id.* at 678. However, the non-movant must expressly present to the trial court any other ground that would defeat the movant's right to a summary judgment by filing a written answer or response to the motion, and if he fails to do so, he may not

later assign any new ground as error on appeal. *Id.* at 678–79.

■ When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consideration on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). On appeal, the party appealing the denial of the motion for summary judgment must properly preserve this error by raising as a point of error the failure of the trial court to grant the appellant's motion. *Holmquist v. Occidental Life Ins. Co.,* 536 S.W.2d 434, 438 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). When the losing party appeals, and the appellate court finds reversible error in the summary judgment, after reviewing all questions presented, the court may reverse the trial court and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones,* 745 S.W.2d at 900.

■ First, we address appellee's contention that appellant's counter-motion for summary judgment is not supported by competent summary judgment proof. Appellee complains that the jurats on appellant's affidavits supporting its response and counter-motion are defective. However, appellee did not raise this argument in her response to the counter-motion for summary judgment. Rule 166a(f) provides "defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal to amend." TEX.R.CIV.P. 166a(f); *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 233 (Tex.1962). This requirement is applicable whether the defect is urged as grounds for affirmance or reversal of a summary judgment. *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Therefore,

---

established or modified after its effective date. Pub.L. No. 101–433, § 105(a), 104 Stat. at 981.

The Texas law has not been amended to incorporate the changes made in the OWBPA.

appellee waived any complaint about the form of appellant's affidavits.

■ In points of error two and four, appellant argues that Louise Payne lacked standing in her individual capacity to bring suit and that her suit in her representative capacity is barred by failure to timely follow the jurisdictional prerequisites mandated by the statute. We agree with both allegations. The claim for age discrimination in this case is personal to George Payne. The cause of action for discrimination in employment belongs to the decedent employee, not his beneficiary. The statute under which appellant has sued clearly prohibits discrimination in employment. *See* Tex.Rev.Civ.Stat.Ann. art. 5221k § 5.01(1) (Vernon 1987). Louise Payne was not employed by Ridgway's, nor was she a participant in the Plan. Although she may have an interest in the proceeds of the life insurance policy which funded the Plan, she does not have a justiciable interest in the subject matter of the lawsuit, i.e., age discrimination in employment.

Louise Payne lacked standing in her individual capacity to bring suit for age discrimination. Only the person whose primary legal right has been breached may seek redress for that injury. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex.1976). Appellee concedes that if she had brought suit to recover a benefit under the Plan, she could not recover. Louise Payne is not the person against whom the alleged discriminatory employment practice was directed. Any cause of action for age discrimination belongs to the estate of George Payne, not to the beneficiary of his life insurance policy.

■ We also find that appellee has not properly brought her claim as representative of the estate of George Payne. Failure to exhaust administrative remedies set forth in the Texas Commission of Human Rights Act, Tex.Rev.Civ.Stat.Ann. art. 5221k § 6.01(a) (Vernon 1978), constitutes a jurisdictional bar to bringing suit under the Act. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex.1991). Section 6.01(a) provides that a complaint must be filed with the Commission "within 180 days

after the date the alleged unlawful employment practice occurred." Filing a complaint within the 180 day time limit is a mandatory prerequisite to filing suit. *Green v. Aluminum Co. of America*, 760 S.W.2d 378, 380 (Tex.App.—Austin 1988, no writ).

■ In determining when the alleged unlawful employment practice occurred, the focus is on the alleged discriminatory *act*, not on the *effects* of the act. "[T]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Delaware State College v. Ricks*, 449 U.S. 250, 259, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980) (quoting *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979)) (emphasis added).

■ In this case, the insurance policy which funds the Plan was issued on June 1, 1986. The terms of the policy were communicated to all branch managers, which included George Payne, in January, 1988. At that time, George Payne was 65 years old. Therefore, his life insurance coverage was reduced to $65,000 from $100,000. George Payne's cause of action accrued when the Plan was adopted, or, at the latest, when its terms were communicated to him. *See EEOC v. City Colleges of Chicago*, 944 F.2d 339, 339 (7th Cir.1991); *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 810 (5th Cir.1991). A complaint was not filed with the Commission until December 4, 1989, after George Payne's death and nearly two years after the alleged discriminatory act.

Appellee alleges that her complaint was filed within 180 days of the first indication she had that the discriminatory benefit plan existed. However, because the claim for age discrimination in employment belongs to George Payne, the time limit begins to accrue when *he* learned of the Plan, not his beneficiary. Appellant established that all branch managers were notified by letter dated January 8, 1988, and they were furnished a copy of the Plan at that time. Appellee did not controvert appellant's proof. Appellee failed to meet her burden to establish that George Payne did not re-

ceive notice and did not know about the alleged discriminatory act before his death. There was no summary judgment proof that the complaint was timely filed. Because Louise Payne failed to satisfy the mandatory statutory prerequisite, we find that she was not entitled to bring an action as representative of George Payne's estate more than 180 days after the alleged discriminatory act. Therefore, the action on behalf of the estate of George Payne should have been dismissed.

We sustain appellant's second and fourth points of error. After reviewing appellant's first and third points, we find it unnecessary to address them, having found error requiring reversal. Summary judgment in favor of appellee is reversed and judgment is rendered in favor of appellant.