**Opinion issued June 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00878-CV

—————————————

**AWAD MUSTAFA, Appellant**

**V.**

**TEXAS WORKFORCE COMMISSION, HTS SERVICES, INC., TAREK MORSI, MISEL REPAK, MAHMOUD HASSAN, SHAFI MOHAMED AND YEWANDE ADELAJA, Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-54542**

---

## MEMORANDUM OPINION

Appellant Awad Mustafa, proceeding pro se, appeals from the following two trial court orders and the final judgment entered in his suit arising from the denial of his claim for unemployment benefits: (1) the November 15, 2022 order granting the

plea to the jurisdiction and motion for summary judgment of appellees HTS Services, Inc., Tarek Morsi, Misel Repak, Mahmoud Hassan, Shafi Mohamed, and Yewande "Wendy" Adelaja (HTS parties); (2) the November 15, 2022 order granting the plea to the jurisdiction of appellee, the Texas Workforce Commission, and "all named parties," including appellees Brian Daniel, Aron S. Demerson, Julian Alvarez, "S. Sunday," "P. Payne," and Ofelia de Leon (TWC parties); and (3) the December 14, 2022 Final Judgment. Mustafa raises eleven issues challenging the trial court's orders and judgment on various grounds. We affirm.

## Background

Mustafa worked for HTS Services, Inc. (HTS), a shipping company, from March 2019 to July 2021. HTS terminated Mustafa's employment in July 2021.

Following his termination, Mustafa filed a claim for unemployment benefits with the Texas Workforce Commission (TWC or Commission). After initially determining that Musafa qualified for benefits, the TWC issued a corrected determination that he was disqualified from receiving unemployment benefits because HTS had discharged him for misconduct, specifically, violation of company policy.[1] Mustafa appealed the determination to the appeals tribunal which affirmed the decision. The Commission later upheld the appeal tribunal's decision.

---

[1]    Section 207.044 of the Texas Unemployment Compensation Act provides that an individual who was discharged for misconduct connected with the individual's last workplace is disqualified from benefits until the individual has returned to

2

On August 30, 2022, Mustafa filed suit alleging that (1) HTS discriminated against him on the basis of race, color, and national origin when it terminated his employment; and (2) the TWC deprived him of due process in violation of the Texas and U.S. Constitutions in determining that he was disqualified from receiving unemployment benefits. He sought economic damages, damages for harm to reputation and loss of employment opportunities, and mental anguish damages. Mustafa amended his petition.

HTS filed an answer asserting a general denial and several defenses, including affirmative defenses. It later filed a combined plea to the jurisdiction and motion for summary judgment arguing, among other things, that Mustafa's discrimination claims were barred because he had failed to exhaust his administrative remedies, specifically, Mustafa had not filed a complaint with the Equal Employment Opportunity Commission (EEOC) or the Texas Commission on Human Rights (TCHR) within the statutorily prescribed periods and, therefore, the trial court lacked subject matter jurisdiction over his claims. HTS further argued that to the extent Mustafa was seeking a trial de novo of his appeal to the TWC regarding the Commission's denial of his claim for unemployment benefits, he could not add new claims against HTS or add HTS's former or current employees as new parties in his

employment and worked for six weeks or earned wages equal to six times the individual's benefit amount. TEX. LAB. CODE § 207.044.

3

suit because the trial court exercises only appellate jurisdiction in a trial de novo and lacks subject matter jurisdiction over newly asserted claims or newly added parties.

The TWC answered Mustafa's suit asserting a general denial and sovereign immunity as an affirmative defense.

Mustafa moved for default judgment against the TWC parties arguing the TWC's answer was in response to his original petition, not his amended petition, and the TWC employees did not file an answer to either petition.

The TWC filed a combined plea to the jurisdiction, response to Mustafa's motion for default judgment, and objections to attorney's fees. It argued that Mustafa's claims against the TWC parties were jurisdictionally barred by sovereign immunity, default judgment would be improper, and attorney fees were unavailable to Mustafa.

On November 15, 2022, the trial court entered orders granting HTS's plea to the jurisdiction and motion for summary judgment and the TWC's plea to the jurisdiction for lack of subject matter jurisdiction, and it denied Mustafa's motion for summary judgment and request for attorney's fees.

After determining from Mustafa's pleadings that he had not sought a trial de novo of the TWC's decision denying his claim for unemployment benefits, the trial court signed a final judgment on December 14, 2022, incorporating its November

4

orders by reference. The judgment dismissed Mustafa's claims against all named defendants and stated that it was a final judgment disposing of all issues and parties.[2]

This appeal followed.

## Briefing Waiver

Although we liberally construe pro se briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). A pro se litigant must properly present his case on appeal; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

Our appellate rules have specific requirements for briefing. *See* Tex. R. App. P. 38. These rules require an appellant, among other things, to state concisely his complaint, provide succinct and clear argument for why his complaint has merit in

---

[2] On March 2, 2023, this Court entered an order noting that the trial court's two November 15, 2022 orders, which were interlocutory in nature, were merged into the December 14, 2022 Final Judgment once it was entered by the trial court. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment . . . .").

fact and in law, and cite and apply law that is applicable to the complaint being made along with appropriate record references. TEX. R. APP. P. 38.1(f), (g), (h), and (i). This requirement, however, is not satisfied "by merely uttering brief conclusory statements unsupported by legal citations." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (citing *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.)). We are not responsible for identifying possible trial court error, *see Canton–Carter*, 271 S.W.3d at 931–32, searching the record for facts that may be favorable to a party's position, *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994), or doing the legal research that might support a party's contentions, *see Bolling v. Farmers Branch Independent School District*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Were we to do so, we would be abandoning our role as judges and become an advocate for that party. *See Valadez*, 238 S.W.3d at 845. "Failure to cite to legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Id.*

Although Mustafa's twenty-page, single-spaced brief includes a lengthy recitation of the facts he believes are relevant on appeal, it is devoid of any legal argument or analysis. *See In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) (stating failure to cite legal authority or provide substantive analysis of issues presented results in waiver of complaint); *Valadez*, 238 S.W.3d at

6

845 (noting courts have no duty, or even right, to perform independent review of record and applicable law to determine whether there was error); *see also Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *1–2 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.) (holding pro se appellant waived appellate issues by failing to adequately brief them where appellant's brief included neither citations to clerk's record nor any legal authorities); *Collins v. Walker*, 341 S.W.3d 570, 575 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("Failure to cite legal authority results in waiver of the complaint."). Mustafa lists several cases in his index of authorities but does not cite them in any other portion of his brief or otherwise demonstrate how they support his contentions. *See Borisov*, 2016 WL 3022603, at *2. And while Mustafa refers to numerous statutory and constitutional provisions, he provides no explanation of how those authorities apply to his claims. *See Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 845 (Tex. App.—El Paso 2007, pet. struck) (concluding pro se litigant waived all issues on appeal where appellate brief was devoid of legal argument and analysis and so unclear that court could not identify what error, if any, appellant wanted court to review). Having failed to comply with Texas Rule of Appellate Procedure 38.1, Mustafa has waived any error on appeal. *See Fredonia State Bank*, 881 S.W.2d at 284 (discussing "longstanding rule" that point may be waived due to inadequate briefing).

7

However, even absent briefing waiver, Mustafa cannot prevail in his appeal from the trial court's orders granting HTS's and the TWC's pleas to the jurisdiction and its final judgment dismissing his claims with prejudice for the reasons discussed below.

## Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "We review de novo a trial court's ruling on a jurisdictional plea." *Univ. of Tex. MD Anderson Cancer Ctr. v. Simpson*, No. 01-20-00679-CV, 2021 WL 3083104, at \*3 (Tex. App.—Houston [1st Dist.] July 22, 2021, no pet.) (mem. op.) (citing *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Hous. v. Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction." *Id.* (citing *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Villarreal v. Harris Cty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *see Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*,

No. 01-08-00327-CV, 2008 WL 5179023, at *1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, pet. denied) (mem. op.).

**Mustafa's Claims Against HTS Parties**

In his amended petition, Mustafa asserted employment discrimination claims against HTS alleging that it terminated his employment on the basis of race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964[3] and the Texas Commission on Human Rights Act (TCHRA).[4] In its plea to the jurisdiction, HTS argued that Mustafa's discrimination claims were barred because he did not file a complaint with the EEOC or the TCHRA within the statutorily prescribed periods. It asserted that because Mustafa had failed to exhaust his administrative remedies, the trial court lacked subject matter jurisdiction over his claims against HTS.

Under the TCHRA, an employer commits an unlawful employment practice if, because of an employee's race or age, the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE § 21.051(1); *see Anderson v. Hous. Comm. Coll. Sys.*, 458 S.W.3d 633, 643 (Tex. App.—Houston [1st Dist.] 2015, no pet.). One of

---

[3]     42 U.S.C. §§ 2000e-2.

[4]     TEX. LAB. CODE § 21.051.

the purposes of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964." TEX. LAB. CODE § 21.001(1). "[W]hen analyzing a claim brought under the TCHRA, we look not only to state cases but also to analogous federal statutes and the cases interpreting those statutes." *Hartranft v. UT Health Sci. Ctr.-Hous.*, No. 01-16-01014-CV, 2018 WL 3117830, at \*11 (Tex. App.—Houston [1st Dist.] June 26, 2018, no pet.) (mem. op.) (citing *Mission Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)).

Texas law requires a plaintiff to exhaust his administrative remedies by filing a timely complaint with the TCHR or the EEOC. TEX. LAB. CODE § 21.201; *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 503, 504 n.4 (Tex. 2012); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010); *City of Pasadena v. Poulos*, 01-22-00676-CV, 2023 WL 7134974, at \*8 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.). The complaint must be filed "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE § 21.202(a); *Chatha*, 381 S.W.3d at 513–14 (agreeing that 180-day filing deadline in section 212.202 is statutory prerequisite to suit for TCHRA suits). "This time limit is mandatory and jurisdictional." *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] no pet.) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex.1991)). "Failure to timely file an administrative complaint deprives Texas trial courts of subject-matter jurisdiction."

10

*Santi v. Univ. of Tex. Health Sci. Ctr.*, 312 S.W.3d 800, 804 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Davis*, 226 S.W.3d at 491).

Here, the record shows that Mustafa did not file a complaint with either the TCHR or the EEOC within 180 days after the alleged discrimination.[5] Because he failed to do so, the trial court lacked jurisdiction over his claims against HTS.[6] *See Gilles-Gonzalez v. Univ. of Tex. Sw. Med. Ctr.*, No. 05-16-00078-CV, 2016 WL 3971411, at *1, *7 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) ("Because her charge was not filed by 'the 180th day after the date the alleged unlawful employment practice occurred,' Gilles-Gonzalez failed to exhaust her administrative remedies, and the trial court had no jurisdiction of [sic] her claim.") (citing *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam));

---

[5]    Similarly, Mustafa did not file a charge of discrimination with the EEOC within 300 days after the alleged employment practice. *See* 42 U.S.C.A. § 2000e–5(e) (stating Title VII requires aggrieved employee to file charge of employment discrimination with EEOC within 180 days after date alleged unlawful employment practice occurred, "except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier").

[6]    In his appellate brief, Mustafa alleges that he also brought his claims of employment discrimination under the Equal Pay Act (EPA) and Fair Labor Standards Act (FLSA). In addition to having waived this argument by failing to adequately brief it, Mustafa did not assert claims under the EPA or FLSA in his amended petition.

11

*Dotson v. TPC Group, Inc.*, No. 01-14-00233-CV, 2015 WL 1135890, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, no pet.) (mem. op.) (stating generally that "[f]ailure to timely file an administrative complaint deprives Texas trial court of subject-matter jurisdiction" over claims brought under TCHRA); *Austin Indep. Sch. Dist. v. Lofters*, No. 03-14-00071-CV, 2015 WL 1546083, at \*1–2, \*5 (Tex. App.— Austin Apr. 1, 2015, pet. denied) (mem. op.) ("We hold that Lofters's charge of race discrimination was not filed within the 180-day period required by section 21.202(a). The trial court did not have jurisdiction over this claim and erred by denying AISD's plea to the jurisdiction.").

Mustafa's employment discrimination claims against HTS employees Tarek Morsi, Misel Repak, Mahmoud Hassan, Shafi Mohamed, and Yewande Adelaja also fail. To recover under the TCHRA, a plaintiff must prove that the defendant falls within the statutory definition of "employer." *Anderson*, 458 S.W.3d at 649 (citing *Miles v. Lee Anderson Co.,* 339 S.W.3d 738, 742 (Tex.App.—Houston [1st Dist.] 2011, no pet.)). "It is well established in Texas that an individual cannot be held personally liable under the TCHRA." *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 580 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *DeMoranville v. Specialty Retailers, Inc.*, 909 S.W.2d 90, 94 (Tex. App.—Houston [14th Dist.] 1995), *rev'd in part on other grounds*, 933 S.W.2d 490 (Tex. 1996)); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied)

12

("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA.") (citing *DeMoranville*, 909 S.W.2d at 94, *rev'd in part on other grounds,* 933 S.W.2d 490 (Tex. 1996); *Benavides v. Moore*, 848 S.W.2d 190 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied)). "[U]nder the express terms of the [TCHRA], *employers* may be liable for an unlawful employment practice. The Act does not create a cause of action against supervisors or individual employees." *City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App.—Austin 1992, no writ).

### Mustafa's Claims Against TWC Parties

Mustafa's pleadings alleged that the TWC deprived him of constitutional due process when it determined that he was disqualified from receiving unemployment benefits. In his amended petition he sought economic damages, damages for harm to reputation and loss of employment opportunities, and mental anguish damages. In its plea to the jurisdiction, the TWC argued that Mustafa's claims against the TWC parties were jurisdictionally barred by sovereign immunity.

Sovereign immunity deprives a trial court of subject-matter jurisdiction over lawsuits against the State, its agencies, and their officers unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). "[S]overeign immunity extends to various divisions of state government, including agencies, boards, hospitals, and universities." *Ben Bolt-Palito Blanco Consol. Indep.*

13

*Sch. Dist.*, 212 S.W.3d at 323–24. As one of the State's commissions, the TWC is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(A); *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 928 (Tex. App.—Dallas 2013, no pet.) (recognizing that TWC is governmental entity). As such, the TWC enjoys sovereign immunity and is immune from suit unless that immunity is expressly waived by the legislature. *See Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019); *see generally Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–54 (Tex. 2002).

Texas Labor Code Section 212.201 provides, in relevant part:

(a) A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.

TEX. LAB. CODE § 212.201(a). By its language, Section 212.201 expressly waives the TWC's immunity from suit and authorizes judicial review of a TWC decision. *See id.*; *Tex. Workforce Comm'n v. Campos*, No. 04-04-00650-CV, 2005 WL 1552674, at *2 (Tex. App.—San Antonio July 6, 2005, no pet.) (mem. op.).

Judicial review of a TWC decision requires a trial *de novo* at which the reviewing court determines whether substantial evidence exists to support the administrative ruling based solely on the evidence presented in the trial court, and not on the record created by the TWC. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.

1986); *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.) (noting Section 212.201 limits initial judicial review of Commission's decision to trial de novo under substantial evidence standard); *accord Kaup v. Tex. Workforce Comm'n*, 456 S.W.3d 289, 294 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A party seeking to appeal the denial of an unemployment benefits claim must strictly comply with the statutory requirements to bring suit against the TWC. TEX. GOV'T CODE § 311.034; *Wren v. Tex. Emp. Comm'n*, 915 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1995, no writ).

In his appellate brief, Mustafa acknowledges that "an appeal from unemployment Final Decision is subject to Trial *de novo* review [under the] Texas Unemployment Compensation Act, Chapter 212, Subchapter E." However, Mustafa's pleadings make no reference whatsoever to Section 212.201 or otherwise demonstrate that Mustafa sought judicial review by the trial court of the Commission's final decision affirming the denial of his claim for unemployment benefits. However, even if Mustafa had done so, the record reflects that he failed to comply with the jurisdictional requirements of Section 212.201. Subsection (a) requires a suit brought under Section 212.201 to be filed in a court of competent jurisdiction no later than fourteen days after the TWC's decision becomes final. TEX. LAB. CODE § 212.201(a). A decision becomes final fourteen days after the date that the decision is mailed. *Id.* § 212.153. Here, the Commission's decision affirming the

15

appeal tribunal's decision was mailed to the parties on August 2, 2022. The Commission's letter stated that the last day to timely file an appeal was August 16, 2022. Mustafa did not file his petition until August 30, 2022. Having failed to meet the jurisdictional requirements of Section 212.201, Mustafa was precluded from seeking judicial review of the TWC decision. *See Chatha*, 381 S.W.3d at 514–15; *Heart Hosp. IV, L.P. v. King,* 116 S.W.3d 831, 837 (Tex. App.—Austin 2003, pet. denied) (holding that fourteen-day deadline is jurisdictional prerequisite and that trial court lacked jurisdiction to review TWC decision denying benefits when plaintiff filed petition after deadline).

In addition to the TWC, Mustafa named six TWC employees as defendants in his suit: TWC Commissioners Bryan Daniel, Aron S. Demerson, and Julian Alvarez; TWC Examiner Ofelia De Leon; and TWC Hearing Officers "S. Sunday" and "P. Payne." The TWC argues that Mustafa's claims against these individuals are barred by sovereign immunity, and that the narrow exception for *ultra vires* acts by government officials does not apply.

Suits against employees of a state agency in their official capacity generally are barred by sovereign immunity absent a waiver of sovereign immunity. *See Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 904 (Tex. 2021); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009). In certain narrow instances, however, a suit against a government official can proceed even in the absence of a waiver of

16

immunity if the official's actions are *ultra vires. Chambers-Liberty Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019); *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (citing *Heinrich*, 284 S.W.3d at 372). An *ultra vires* action requires a plaintiff to "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Hall*, 508 S.W.3d at 238 (citation omitted). A government officer with some discretion to interpret and apply a law may nevertheless act without legal authority—and thus act *ultra vires*—if the officer exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Id.*; *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 164 (Tex. 2016) ("[G]overnmental immunity only extends to those government officers who are acting consistently with the law, which includes those who act within their granted discretion.") (citation omitted). "Ministerial acts" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall*, 508 S.W.3d at 238 (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015)). The basic justification for this *ultra vires* exception to sovereign immunity is that *ultra vires* acts—or those acts without authority—should not be considered acts of the state at all. *Id.* (citing *Cobb v. Harrington*, 190 S.W.2d 709, 712 (1945)). Consequently, "*ultra vires* suits do not attempt to exert control over the state—they

attempt to reassert the control of the state" over one of its agents. *Heinrich*, 284 S.W.3d at 372.

Although Mustafa's pleadings do not explicitly allege that the TWC employees committed an *ultra vires* act, they do allege that De Leon, Payne, and Sunday failed "to stop the fraud and perjury" of HTS and its employees during the hearings conducted on Mustafa's claim for unemployment benefits, and that the TWC employees committed unspecified violations of his due process rights under the U.S. and Texas Constitutions. However, "[m]erely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Brown v. Daniels*, No. 05-20-00579-CV, 2021 WL 1997060, at *8 (Tex. App.—Dallas May 19, 2021, no pet.) (mem. op.) (quoting *Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 701–02 (Tex. App.—Austin 2011, no pet.)); *see also Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (concluding pro se plaintiff who appealed judgment granted in favor of Texas Employment Commission and employer in her suit challenging denial of unemployment benefits under predecessor statute was not treated unfairly or arbitrarily in violation of due process; requiring plaintiff to follow statutory review procedure did not infringe on her right to appeal, nor did pro se status entitle

her to special consideration). Here, Mustafa asserts claims against the TWC employees based on actions that he summarily concludes constitute illegal or unconstitutional acts. Mustafa has not alleged an *ultra vires* claim.

Moreover, a valid *ultra vires* claim also "requires that the remedy [sought] be prospective in nature—i.e., compelling legal compliance going forward, as opposed to awarding retrospective relief to remedy past violations." *City of Austin v. Utility Assocs., Inc.*, 517 S.W.3d 300, 309 (Tex. App.—Austin 2017, pet. denied). In his pleadings, Mustafa sought only retrospective relief—economic damages, damages for harm to reputation and loss of employment opportunities, and mental anguish damages—and made no reference to prospective relief. The trial court properly concluded that Mustafa's claims against the TWC employees were jurisdictionally barred. *See Villarreal*, 620 S.W.3d at 904.

In summary, we conclude that the trial court lacked subject matter jurisdiction over Mustafa's claims against the HTS and TWC parties. The trial court did not err in granting HTS and TWC's pleas to the jurisdiction and dismissing Mustafa's claims against them. Accordingly, we overrule Mustafa's issues.[7]

---

[7] Mustafa also contends the trial court erred in denying his motion for default judgment against the TWC parties. Although his argument is unclear, we understand him to argue that the TWC and its six employees failed to timely file an answer or response to his amended petition. Having concluded that the trial court properly determined that it lacked subject matter jurisdiction over the TWC parties, we do not address this argument. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We affirm the trial court's December 14, 2022 final judgment, incorporating its November 15, 2022 orders granting the HTS parties' plea to the jurisdiction and motion for summary judgment and the TWC's plea to the jurisdiction, and dismissing Mustafa's claims with prejudice.

> Amparo Monique Guerra
> Justice

Panel consists of Justices Kelly, Hightower, and Guerra.